PALMER vs. CRANE.

See 8 vol. Mo. Rep. 620.

ERROR to Montgomery.

CAVE, for the Plaintiff in error.

LEONARD & BAY, for the Defendant.

POINTS AND AUTHORITIES.

1. The declaration is defective. Admitting all the facts set forth, the plaintiff is not injured, because he was not prevented from prosecuting his suit by the alleged acts of the defendant, and he has no right to have the property levied upon, applied to the satisfaction of his demand, until he has established it by the judgment of the court. See points made in this case, 8 Mo. R. p. 620-1. In the opinion delivered when this case was last before the court, there is a misapprehension of the facts. The sheriff did not return that "no goods of the defendant in the attachment could be found, except some already levied on to satisfy executions," &c., but he returned that he levied the attachment upon the goods already in his possession under other executions. It is expressly charged in the declaration, that the sheriff levied

the attachment upon the goods mentioned, and the only complaint is, that the goods were not subject to the execution mentioned in the return. There is not even an allegation that the goods were not of sufficient value to satisfy both the executions in the sheriff's hands, and the demand of the plaintiff.

2. There is a manifest distinction between this case and an action in England, and in those States in which the English practice prevails, against the sheriff for an escape in *mesne process*. If the sheriff suffers an escape on *mesne process*, the plaintiff is prevented from declaring for want of an appearance. He is in effect prevented from prosecuting his action against the defendant, and therefore sustains immediate damage by the act of the sheriff, and his only remedy is, by action against the sheriff. Com. Dig. Title Pleader, Conn't C. 2; 3 Chitty's Practice, 437; the case cited in the opinion of the court, viz : 4 McCord, 372, is found upon the English practice. The authorities cited are English, except the case in 5 John. R. which is not in point, and besides the English practice then prevailed in New York.

3. There was nothing in the alleged act of the sheriff, that prevented the plaintiff from prosecuting his action against the Litchtons. He certainly could sustain no injury until a failure to satisfy his demand as ascertained by the judgment of the court, out of the goods levied upon. The plaintiff had no property in the goods attached, and his right to satisfy his debt out of the goods, depended upon obtaining judgment. See Attachment act of 1835, sects. 6, 41, 51; p. 77, 81-2.

McBRIDE, J., delivered the opinion of the court.

This cause was in this court at the last July term, when the matters, of error then complained of, were fully examined, considered and decided by the court. The writ of error was dismissed because a formal judgment had not been entered on the demurrers. The judgment has been amended, whilst the errors remain uncorrected, hence the cause has again been brought to this court. On a re-argument we see no cause for overruling the decision heretofore made. 8 vol. Mo. Rep. 619. We are fully satisfied that the declaration is good and the pleas clearly bad. Judge Scott concurring herein, the judgment of the circuit court is reversed and the cause remanded.